[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Both parties appeared and were represented by counsel. All statutory stays having expired, the court has jurisdiction. CT Page 12833
Having heard the evidence, the Court finds as follows:
The Plaintiff, whose maiden name was Muratore, and the Defendant intermarried at Uncasville, Connecticut on August 26, 1989; that the Plaintiff has resided continuously in Connecticut for a period of one year next preceding the date of the filing of this complaint; that there is one minor child issue of the marriage, Alexandra Suddy, born December 23, 1994; that there were no other minor children born to the Plaintiff since the date of the marriage of the parties; that the marriage has broken down irretrievably and that there is no hope of reconciliation.
The parties agreed that the marriage had irretrievably broken down because of financial problems in the marriage. As a result, the Plaintiff vacated the marital home about the middle of June 1997. The Defendant remained in the premises until December 1, 1997 when he also vacated the premises. However, while Defendant stayed in the premises he received a total of $1,350.00 rent from his girlfriend and two others who occupied the premises with him.
The Defendant did not pay the mortgage on the premises while he occupied same, which resulted in an arrearage of $8,486.08 (see Plaintiff's Exhibit B). Also the Defendant left the premises unclean and damaged (see Plaintiff's Exhibit A).
The marital residence which is jointly owned by the parties is located at and known as 36 Polly's Lane, Uncasville, Connecticut. It was purchased on April 1, 1995. Plaintiff paid the down payment of $11,000.00; $6,000.00 from her own funds and $5,000.00 she borrowed from her parents.
The other remaining assets of the parties shall be set forth in the Court's orders.
Both parties appear to be in good health and are gainfully employed with almost equal income. Neither party seeks alimony.
From the evidence, it is clear that the marriage has broken down irretrievably and that each contributed equally to the breakdown. Therefore, a decree dissolving the marriage of the parties is ordered.
After considering the factors in Connecticut General Statutes §§ 46b-62, 46b-81, 46b-82 and other pertiment statutes, the CT Page 12834 following orders are entered which the Court deems to be fair and equitable.
1. The parties shall share joint legal custody of the minor child with primary physical residence of the child to be with the Plaintiff mother. The Defendant father shall have visitation in accordance with the parties' written stipulation dated September 8, 1997 and all other times as mutually agreed. The Defendant father shall notify the Plaintiff mother of the child's whereabouts during visitation, including a phone number for contact purposes, and shall not leave the child with anyone other than a family member for child care purposes.
2. The Defendant shall pay to the Plaintiff child support in the sum of $115.00 per week by immediate wage execution, until said child reaches 19 years of age or graduates from high school, whichever is the first to occur.
3. Both parties shall maintain health insurance for the minor child as available through their place of employment. All unreimbursed health-related expenses, including orthodontia, shall be divided evenly by the parties.
4. No alimony is awarded to either party.
5. The Defendant shall sign over the Ford Taurus motor vehicle to the Plaintiff and pay the loan on said automobile and hold her harmless on said loan.
6. The Defendant shall return to the Plaintiff the following items of personal property or inform Plaintiff where they are and assist her in obtaining them: mattresses, dining room table and chairs, buffet table, all personal paperwork including information on her jewelry, large 52" TV and dryer.
If the property is returned in satisfactory condition, Plaintiff is to pay the Sears bill. If not, Defendant is to pay the Sears bill.
7. Each party shall release to the other any claim to any retirement, pension or savings of the other.
8. The Plaintiff shall keep her computer and Citizens Bank account free from claim from the Defendant. CT Page 12835
9. The Defendant shall keep his Citizens Bank account and Home Depot account free from claim from the Plaintiff.
10. The Defendant shall quitclaim his interest in the marital residence to the Plaintiff within 30 days hereof.
a. The Defendant shall pay the Plaintiff the sum of $8,486.08, the arrearage on the mortgage as per Plaintiff's Exhibit B. Payment shall be in a weekly sum of $85.00 per week. However, if the marital property is foreclosed by the mortgagee, while said sum remains unpaid, the Defendant's obligation shall be limited to $5,500.00. The Court finds said sum is necessary to the Plaintiff for her support and maintenance.
11. Each shall pay their own attorney's fees.
12. The minor child shall be named beneficiary on any life insurance on the parties until said child reaches the age of 18.
Vasington, JTR